# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-345V
### Filed: January 4, 2018
UNPUBLISHED

BILLIE K. DAMET,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine; Shoulder
Injury Related to Vaccine
Administration (SIRVA)

*Paul Walkinshaw, Rawls Law Group, Fairfax, VA, for petitioner.*
*Lisa Ann Watts, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On March 14, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza ("flu") vaccination administered on September 30, 2015. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 27, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for a SIRVA. On January 4, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $147,845.27 consisting of $725.50 in past unreimbursable expenses; $7,119.77 in past

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

lost wages, and $140,000.00 for pain and suffering. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $147,845.27 (consisting of $725.50 for past unreimbursable expenses; $7,119.77 for past lost wages, and $140,000.00 for pain and suffering in the form of a check payable to petitioner, Billie K. Damet.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

BILLIE K. DAMET,

               Petitioner,

    v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

No. 17-345V
Chief Special Master Dorsey
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On March 14, 2017, Billie K. Damet ("petitioner") filed a petition for vaccine injury

compensation alleging that she suffered a right shoulder injury related to vaccine administration

("SIRVA"), which was caused-in-fact by an influenza ("flu") vaccination administered on

September 30, 2015. Respondent filed his Rule 4(c) Report conceding entitlement to

compensation on October 26, 2017. The Chief Special Master issued a Ruling on Entitlement on

October 27, 2017.

### I. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded

$147,845.27, consisting of past unreimbursable expenses ($725.50), past lost earnings

($7,119.77), and pain and suffering ($140,000.00), which represents all elements of compensation

to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1] Petitioner agrees.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

## II.    Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $147,845.27 in the form of a check payable to petitioner.[2] Petitioner agrees.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/Lisa A. Watts
LISA A. WATTS
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.:   (202) 616-4099

DATED: January 4, 2018

---

[2]  Petitioner is a competent adult.   Proof of guardianship is not required in this case.